# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

MICHAEL MCNEIL,

        Plaintiff,

   v.

LVN HAYES, et al.,

        Defendants.

_____/

CASE NO. 1:10-cv-01746-AWI-SKO PC

ORDER DISMISSING RETALIATION CLAIM AND CERTAIN DEFENDANTS PURSUANT TO PLAINTIFF'S NOTICE, AND DIRECTING MAGISTRATE JUDGE TO ISSUE SERVICE DOCUMENTS

(Docs. 17, 19, 20)

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010.  On March 12, 2012, the Magistrate Judge issued a screening order and found that Plaintiff's second amended complaint states cognizable claims against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman for violation of the Eighth Amendment, but it does not state an Eighth Amendment claim against any other named defendant and it does not state a cognizable First Amendment retaliation claim.[1]  28 U.S.C. § 1915A.  Plaintiff was directed to either file a third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  On March 20, 2012, Plaintiff filed a notice declining to amend and agreeing to proceed only on his cognizable claims.

///

---

[1] Plaintiff filed a first amended complaint as a matter of right and a second amended complaint with leave of court.  Fed. R. Civ. P. 15(a).  This is the first screening conducted by the Court.

1

Accordingly, based on Plaintiff's election to proceed without amending and for the reasons set forth by the Magistrate Judge in the screening order, it is HEREBY ORDERED that:

1. This action for damages shall proceed on Plaintiff's second amended complaint, filed on June 28, 2011, on Plaintiff's Eighth Amendment medical care claims against Defendants  Hayes, Raman, Soto, Byers, Doe, and Rotman;

2. Plaintiff's First Amendment retaliation claim is dismissed for failure to state a claim;

3. Plaintiff's claim for injunctive relief is dismissed for failure to state a claim;

4. Defendants Villasno, Enenmoh, Capra, Miller, and Guiteras are dismissed based on Plaintiff's failure to state any claims against them; and

5. The Magistrate Judge shall provide Plaintiff with the documents necessary to initiate service of process.

IT IS SO ORDERED.

Dated:    March 22, 2012

_____
CHIEF UNITED STATES DISTRICT JUDGE