# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>               Plaintiff,<br><br>   v.<br><br>LVN HAYES, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:10-cv-01746-AWI-SKO PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO DEFER CONSIDERATION OF MOTION TO DISMISS BE DENIED AS MOOT AND DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITH PREJUDICE<br><br>(Docs. 27, 39, and 41)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**<u>Findings and Recommendations Recommending Defendants' Motion be Denied</u>**

**I.    Procedural History**

    Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. Pursuant to the Court's screening order, this action for damages is proceeding on Plaintiff's second amended complaint, filed on June 28, 2011, against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

    On June 28, 2012, Defendant Soto filed a motion to dismiss for failure to exhaust the administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 12(b). On the same day, the Court granted Defendant Raman's request for an extension of time to file a response to Plaintiff's second amended complaint, pending resolution of Defendant Soto's motion to dismiss. Plaintiff filed an

opposition on July 30, 2012, and Defendant Soto filed a reply on August 7, 2012.[1] On August 13, 2012, Defendant Byers filed a notice of joinder and joinder in Defendant Soto's motion to dismiss and reply.

On August 23, 2012, Plaintiff, citing to Federal Rule of Civil Procedure 56(f), which is now 56(d), filed a motion seeking to postpone consideration of the motion to dismiss until trial so he may engage in full discovery.[2] For the reasons set forth below, the Court finds that Plaintiff exhausted his Eighth Amendment medical care claims and Defendants Soto and Byers are not entitled to dismissal. Therefore, Plaintiff's motion for a continuance pending discovery shall be denied as moot.

**II.     Discussion**

    **A.     Statutory Exhaustion Requirement and Unenumerated 12(b) Motions**

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

///

---

[1] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust on July 9, 2012. Woods v. Carey, 684 F.3d 934, 936 (9th Cir. 2012).

[2] When facts are unavailable to the nonmoving party, Rule 56(d) permits the Court to defer or deny a motion for summary judgment, allow time to obtain evidence, or issue any other appropriate order. Fed. R. Civ. P. 56(d). In as much as the Ninth Circuit has recognized that pro se prisoners have "a substantial right to notice explaining the process associated with a motion to dismiss for failure to exhaust administrative remedies where the district court will consider materials beyond the pleadings," Stratton v. Buck, 697 F.3d 1004, ___ (9th Cir. 2012), a plaintiff's contention that he lacks the evidence necessary to oppose an exhaustion motion and he needs discovery must be given due consideration.

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendants have the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust is subject to an unenumerated Rule 12(b) motion, and in resolving the motion, the Court may look beyond the pleadings and decide disputed issues of fact. Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010); Wyatt, 315 F.3d at 1119-20. If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

### B. Summary of Plaintiff's Eighth Amendment Claims

Plaintiff's Eighth Amendment claims arise from events which occurred at California Substance Abuse Treatment Facility and State Prison (SATF) beginning on March 26, 2009, and lasting thirty-five days, approximately.

Plaintiff alleges that he suffers from degenerative disc disease, and he has multiple disc herniations in his neck and lower back with spinal compression – conditions which cause him to suffer from severe pain and for which he is prescribed morphine and gabapentin. On March 26, 2009, Defendant Hayes, a licensed vocational nurse, requested that Plaintiff's morphine prescription be discontinued because she believed he had "cheeked" his medication, conduct which is prohibited. Defendant Raman, the physician on duty that day, agreed to authorize the discontinuation, which was abrupt rather than tapered and which was done without a review of Plaintiff's medical file and without consideration of his medical history. Plaintiff alleges that as a result of the abrupt discontinuation of his morphine, he needlessly suffered from withdrawal symptoms, extreme pain, sleeplessness, and increased mobility impairment for thirty-five days.

The defendants against whom this action is proceeding were all medical staff members who interacted with Plaintiff during the thirty-five day time period, and they either were directly involved

///
///
///

in the allegedly improper discontinuation of Plaintiff's morphine prescription or failed to take action despite their knowledge that Plaintiff was in severe pain and in need of pain medication.[3]

### C.     Appeal Log Number SATF-33-09-11762

In support of her motion to dismiss, Defendant Soto identifies what she contends are the only two inmate appeals filed between March 23, 2009, and the date this suit was filed which both grieved events at SATF and were submitted to the final level of appeal review, known as the Director's Level. With respect to the first appeal, log number SATF-33-09-11762, Defendant Soto argues that the appeal does not concern any conduct by her and instead sets forth the events of March 23, 2009, involving Defendant Hayes. (Doc. 27, Motion, 4:4-21.) Although Defendant Soto concedes that Plaintiff need not identify all involved parties by name to satisfy the exhaustion requirement, she argues that the appeal was filed prior to the date of the incident in which she was allegedly involved and therefore, the appeal could not have sufficed to exhaust an event which had not yet occurred. (Doc. 38, Reply, 3:14-23.)

The documentary evidence demonstrates that Plaintiff filed appeal number SATF-33-09-11762 on March 23, 2009. (Motion, Doc. 28-1, court record pp. 5-8.) In the appeal, Plaintiff set forth the events of that day involving Defendants Hayes and Raman, and he stated that his morphine had been abruptly discontinued and he was already suffering from withdrawal symptoms. (Id.) Plaintiff requested that his medication be re-prescribed, staff stop forcing inmates to put their fingers in their mouths, and staff comply with OP-430. (Id.)

The appeal was denied at the Director's Level on March 25, 2010. (Motion, Doc. 28-1, court record p. 2-4.) The Director's Level decision summarized the appeal issue as follows:

> Your CDC 602 indicated that during your morning medication on March 23, 2009, nursing staff asked you to place your fingers in your mouth and inside your cheeks and lips to verify you swallowed your medication. You further stated you refused because the medication management procedure authorizes the licensed health care staff to conduct a visual mouth check and view the empty cup; the nurse threatened to push her alarm and did so; and your Morphine was discontinued.

///

---

[3] An exhaustive summary of Plaintiff's allegations is set forth in the screening order filed on March 12, 2012.

4

> You requested this appeal be processed as an emergency because your Morphine was abruptly stopped; Morphine 90 milligrams be re-prescribed; stop forcing inmates to put their fingers in their mouths; and comply with Operational Procedure 420.

(Id.) The Director's Level decision summarized the appeal history, in relevant part, as follows: "Your UHR[4] indicated you submitted numerous Inmate Requests for Health Services (CDC 7362s) concerning your need for pain medications and requests to see the doctor." (Id.) In addition, the decision stated that Plaintiff's request for morphine had been forwarded to the Narcotics Committee for review; Defendant Rotman evaluated Plaintiff on April 13, 2009, and prescribed morphine for sixty days with a follow-up in one month; Dr. Beregovskaya prescribed morphine for ninety days on August 10, 2009; and Plaintiff's request to be re-prescribed morphine had been granted. (Id.)

### D. Findings

An appeal "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010). "[T]he prisoner need only provide the level of detail required by the prison's regulations," and during the relevant time period, "[t]he California regulations require[d] only that an inmate describe the problem and the action requested." Sapp, 623 F.3d at 824 (citations and internal quotation marks omitted). While the standard provides a low floor, it advances the primary purpose of a grievance, which is to notify the prison of a problem. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009) (quotation marks and citations omitted). Thus, Plaintiff's appeal sufficed if it alerted the prison to the nature of the wrong for which redress is now sought. Sapp, 623 F.3d at 824 (quotation marks omitted).

Plaintiff was not required in his appeal "to identify responsible parties or otherwise signal who may ultimately be sued." Sapp, 623 F.3d at 824. The relevant prison regulation required Plaintiff only to describe the problem, and Plaintiff's appeal described the general problem and alerted the prison to the nature of the wrong for which redress now is sought: the abrupt discontinuation of his morphine prescription, which caused him to needlessly suffer. Sapp, 623 F.3d

---

[4] Unit Health Record.

5

at 824 (citing Griffin, 557 F.3d at 1120) (quotation marks omitted); Rowe v. Dep't of Corr., No. 1:06-cv-01171-LJO-SMS PC, 2010 WL 5071015, at *1 (E.D. Cal. Dec. 7, 2010); cf. McCollum v. California Dep't of Corr. & Rehab., 647 F.3d 870, 876 (9th Cir. 2011) (while inmates' grievances provided notice the failure to provide for certain general Wiccan religious needs and free exercise, they were not sufficient to place prison on notice that the chaplaincy-hiring program itself was the problem); Morton, 599 F.3d at 946 (appeal grieving prison's decision to deny visitation with minors did not place prison on notice of the plaintiff's claim that staff conduct contributed to a prior assault on him by inmates).

In a situation such as this, which involves the alleged denial of pain medication over a period of thirty-five days during which multiple staff members were alerted to the problem, the Court is not persuaded by Defendant Soto's argument that the appeal did not suffice to exhaust the claim against her because it was filed prior to the incident in which she was allegedly involved. Plaintiff described the problem (the discontinuation of his morphine) and he sought relief (the renewal of his prescription for morphine); he was not required to file a separate appeal every time he unsuccessfully sought relief for the same medical issue from a different care provider. Plaintiff's appeal provided clear notice to the prison of the medical issue upon which his claims in this action are based and it was therefore sufficient. Akhtar v. Mesa, __, F.3d __, __, No. 11-16629, 2012 WL 5383038, at *6-7 (9th Cir. Nov. 5, 2012).

In as much as the appeal was resolved at the final level of review prior to the date this suit was filed, Plaintiff has exhausted his Eighth Amendment medical care claims in this action and it is unnecessary for the Court to reach Defendant Soto's argument that the second relevant appeal was properly screened out and therefore unexhausted.[5]

**III.   Conclusion and Recommendation**

In conclusion, the Court finds that appeal log number SATF-33-09-11762 was sufficient to exhaust Plaintiff's Eighth Amendment medical care claims in this action, all of which arise out of

---

[5] If an appeal is improperly screened out, a court may find that the administrative remedy process was rendered unavailable and the exhaustion requirement is satisfied. Sapp, 623 F.3d at 822-24.

the discontinuation of his morphine prescription and the resulting harm to Plaintiff. <u>Akhtar</u>, __, F.3d at __, 2012 WL 5383038, at *7. Accordingly, based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion to defer consideration of Defendant Soto's motion to dismiss, filed on August 23, 2012, be DENIED as moot;

2. Defendant Soto's motion to dismiss, filed on June 28, 2012, and in which Defendant Byers joined on August 13, 2012, be DENIED, with prejudice; and

3. Defendants Soto, Byers, and Raman be required to answer the second amended complaint.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   November 28, 2012**              /s/ Sheila K. Oberto
                                           UNITED STATES MAGISTRATE JUDGE