# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>            Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>            Defendants.<br>_____/ | CASE NO. 1:10-cv-01746-AWI-SKO PC<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR LEAVE TO SERVE INTERROGATORIES IN EXCESS OF TWENTY-FIVE<br><br>(Doc. 59)<br><br>ORDER STRIKING DUPLICATIVE MOTION<br><br>(Doc. 60)<br><br>Response Deadline for Raman and Soto: 07/01/2013<br>Response Deadline for Byers: 30 days |

**Order Granting in Part and Denying in Part Motion**

**I.    Procedural History**

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010.  This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

On April 25, 2013, Plaintiff filed a motion seeking leave to serve interrogatories in excess of twenty-five on Defendants.[1,2]  Defendant Byers filed an opposition on May 16, 2013, and Defendants Raman and Soto filed an opposition on May 20, 2013.  Plaintiff filed a reply on May 30, 2013.

---

[1] At this juncture, only Defendants Raman, Soto, and Byers have made an appearance in the action.  The United States Marshal is still attempting to locate and serve Defendants Hayes and Rotman, and Plaintiff will need to identify Defendant Doe through discovery.

[2] A duplicative motion was received and filed on April 30, 2013, and it will be stricken from the record.

1

## II. **Discussion**

As an initial matter, Plaintiff asserts that Defendants failed to respond to the interrogatories he served. Pursuant to the scheduling order, responding parties have forty-five days to respond. If Plaintiff served interrogatories on March 20, 2013, as he states, Defendants' responses were to be served on or before May 9, 2013, and any request for relief regarding that issue was filed prematurely.[3]

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts. The Court may grant leave to serve additional interrogatories to the extent consistent with Rule 26(b)(2). The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ." Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

The Court is vested with broad discretion to manage discovery, *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002), and while Defendants Byers, Raman, and Soto's opposition to additional interrogatories is noted, Plaintiff is entitled to some leniency given that he is proceeding pro se. Plaintiff's interrogatories, set one, are comprised of thirty separately enumerated interrogatories, although some have subparts. A number of them will likely net Plaintiff no information, but the Court does not find them to be unduly burdensome, harassing, or otherwise inappropriate. Detailed, time consuming, contentious discovery issues are par for the course in many civil actions. Plaintiff's desire in this case to ask a minimal number of additional, relatively straightforward questions cannot be described accurately as harassing and/or unduly burdensome, particularly given that a number of the questions were or are unlikely to do more than draw an objection.

---

[3] On May 15, 2013, Defendants Raman and Soto filed a motion seeking an extension of time up to and including July 1, 2013, within which to serve their responses. (Doc. 61.) In that motion, they state that the discovery requests were served on March 31, 2013. Defendant Byers stated in his opposition that his responses were due on or before May 22, 2013. (Doc. 63, Byers Dec., ¶3.) The Court notes only that when Plaintiff filed his motion on April 25, 2013, Defendants' discovery responses were not overdue.

1  Therefore, Defendants Raman and Soto have until July 1, 2013, to serve their responses to
2  set one in full, in accordance with the order granting them an extension of time.  With no evidence
3  to the contrary, the Court assumes Defendant Byers has served his responses, and he shall serve his
4  supplemental responses to set one within thirty days.

5  However, the Court will not grant Plaintiff leave to serve fifteen additional, to-be determined
6  interrogatories.  In order to ensure that the interrogatories are not excessive or abusive, the Court
7  must have before it the proposed interrogatories to review and here it does not.  *Eichler v. Tilton*, No.
8  CIV S-06-2894-JAM-CMK-P, 2010 WL 457334, at *1 (E.D.Cal. Feb. 3, 2010) ("Plaintiff is required
9  to make some showing as to the reasons for his request to propound extra interrogatories, so that the
10 court may make a determination as to the necessity therefor.")  Therefore, Plaintiff's blanket request
11 to serve fifteen additional interrogatories is denied, without prejudice.  The Court notes that it was
12 incumbent upon Plaintiff to use wisely the limited number of interrogatories to which he is entitled
13 under the rules.  Utilizing initial interrogatories to seek irrelevant and/or tangential information and
14 then moving for additional interrogatories to seek information which could have and should have
15 been sought initially is not viewed with favor.

16 **III.    Order**

17  For the reasons set forth above, it is HEREBY ORDERED that:

18  1.  Plaintiff's motion for leave to serve interrogatories in excess of twenty-five, filed on
19      April 25, 2013, is GRANTED IN PART and DENIED IN PART;
20  2.  Defendants Raman and Soto shall serve responses, in full, to Plaintiff's
21      interrogatories, set one, on or before July 1, 2013;
22  3.  Defendant Byers shall serve supplemental responses to Plaintiff's interrogatories, set
23      one, within **thirty (30) days** from the date of service of this order; and

24 ///
25 ///
26 ///
27 ///
28 ///

4. Plaintiff's duplicative motion for leave to serve interrogatories in excess of twenty-five, filed on April 30, 2013, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:   **June 4, 2013**                                  /s/ Sheila K. Oberto
                                                            UNITED STATES MAGISTRATE JUDGE