# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVN HAYES, et al.,<br><br>　　　　　Defendants.<br>_____/ | Case No. 1:10-cv-01746-AWI-SKO PC<br><br>ORDER (1) DENYING MOTION TO COMPEL WITHOUT PREJUDICE TO RENEWAL WITHIN THIRTY DAYS, (2) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR EXTENSIONS OF TIME TO REPLY, (3) GRANTING DEFENDANTS RAMAN AND SOTO'S MOTIONS FOR EXTENSIONS OF TIME TO SERVE RESPONSES, (4) DENYING MOTION FOR SANCTIONS, AND (5) VACATING DISCOVERY AND MOTION DEADLINES<br><br>(Docs. 77, 79, 86, 89, 91, 92, and 96) |

## I. **Background**

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.[1]

On August 29, 2013, Plaintiff filed a motion to compel responses to his (1) interrogatories, set one, (2) requests for admission, set one, and (3) requests for the production of documents, set

---

[1] Defendants Hayes and Rotman have not been served and Defendant Doe has not been identified.

two. Fed. R. Civ. P. 37. Plaintiff also seeks the imposition of sanctions against Defendants Byers, Raman, and Soto. *Id.*

Defendant Byers filed an opposition on September 17, 2013, and Defendants Raman and Soto filed an opposition on September 27, 2013. On September 26, 2013, October 10, 2013, and October 21, 2013, Plaintiff filed motions seeking an extension of time to file a reply, and on October 10, 2013, Plaintiff filed a reply to Defendant Byers' opposition.

Plaintiff's motion for an extension of time to file a reply to Defendant Byers' opposition is granted nunc pro tunc to October 10, 2013, and Plaintiff's motions for an extension of time to file a reply to Defendants Raman and Soto's opposition are denied as moot in light of this order.[2]

## II.     Motion to Compel Responses to Requests for Admission and Requests for Production of Documents

Plaintiff seeks to compel responses to his requests for admission, set one, and requests for the production of documents, set two. Plaintiff represents that the discovery requests at issue were served on July 7, 2013, while Defendants contend they were served on July 8, 2013. Regardless, Defendants' responses were not required to be served by mail until Monday, August 26, 2013.[3]

### A.     Defendant Byers

Defendant Byers timely served his responses on August 22, 2013. Plaintiff filed his motion to compel prematurely and it is now moot in light of Defendant Byers' timely response.

The Court notes that in his reply, Plaintiff recasts his motion to compel as having been filed based on his dissatisfaction with Defendant Byer's responses. (Doc. 93, Reply, 3:27-4:2.) However, it is clear from the contents of Plaintiff's motion to compel and the attached exhibits that Plaintiff was seeking to compel initial responses to his RFAs and PODs. Plaintiff's re-characterization of his motion is belied by the motion itself, and additionally, the service by mail date of August 22, 2013, cannot be reconciled with Plaintiff's assertion in reply that he received

---

[2] Plaintiff's motion to compel was premature in part and he failed to meet his burden in part. As a result, it is unnecessary for the Court to await his reply. Plaintiff is granted thirty days to file a renewed motion to compel, as set forth herein.

[3] Pursuant to the discovery order, responding parties have forty-five days to serve their responses and Federal Rule of Civil Procedure 6(d) provides for three additional days for mailing. Whether service occurred on July 7, 2013, or on July 8, 2013, the deadline fell on the weekend, resulting in the service date of Monday, August 26, 2013. Fed. R. Civ. P. 6(a)(1)(C).

the responses on August 22, 2013. Plaintiff is cautioned that making any further misrepresentations to the Court will result in the imposition of sanctions against him.

### B. Defendants Raman and Soto

Defendants Raman and Soto filed a timely motion seeking an extension of time up to and including October 6, 2013, within which to serve their responses to Plaintiff's requests for admission, set one, and requests for the production of documents, set two. In as much as Plaintiff's motion to compel was prematurely filed, it is denied on that ground. Defendants have shown good cause for their requested extension and it is granted, nunc pro tunc to October 6, 2013.

### III. Motion to Compel Responses to Interrogatories

Next, Plaintiff seeks to compel responses to his interrogatories, set one. Pursuant to the Court's order filed on June 4, 2013, Defendant Byers was required to serve supplemental responses on or before July 22, 2013, and Defendants Raman and Soto were required to serve responses on or before July 5, 2013. Fed. R. Civ. P. 6(d).

### A. Defendant Byers

Defendant Byers timely served his responses on July 2, 2013. Although Plaintiff states that Defendant Byers objected to most of the interrogatories, it is not clear from Plaintiff's motion which interrogatory responses, if any, are at issue. As Defendant Byers notes, Plaintiff's motion addresses Defendants Raman and Soto almost exclusively. Plaintiff bears the burden of identifying which responses are in dispute and providing sufficient information so that Court can discern why he is challenging the responses. Accordingly, Plaintiff's motion to compel is denied, without prejudice to renewal within thirty days.

### B. Defendants Raman and Soto

On August 22, 2013, Defendants Raman and Soto sought an extension of time to October 6, 2013, to serve their responses, and on October 4, 2013, Defendant Soto sought an extension of time to October 9, 2013, to serve her responses.

Defendants Raman and Soto should have filed their motion for an extension of time on or before the deadline to respond, and they are cautioned to avoid late filings in the future. Fed. R.

3

Civ. P. 6(b); Local Rule 144(d). However, having reviewed the motions for an extension of time, Plaintiff's motion to compel, and Defendants' opposition, there is no indication that Defendants acted in bad faith, contrary to Plaintiff's assertion. Therefore, Defendants' motions for an extension of time are granted, nunc pro tunc to October 6, 2013, and October 9, 2013.

Plaintiff is granted thirty days within which to renew his motion to compel. At this juncture, Plaintiff should be in receipt of Defendants Raman and Soto's responses. In his motion, Plaintiff shall identify which responses are in dispute and explain why the responses are insufficient. Once the Court has before it the requests and responses which are in dispute, it can reach the merits of Plaintiff's motion to compel and provide the parties with a final resolution regarding Plaintiff's interrogatories, set one.[4]

**IV.     Motion for Sanctions**

Plaintiff seeks an order requiring Defendants Byers, Raman, and Soto to pay him $150.00 for expenses incurred, and he seeks additional sanctions against them. Fed. R. Civ. P. 37.

At this juncture, Plaintiff is not the prevailing party nor do circumstances justify an award of expenses, and his request is denied. Fed. R. Civ. P. 37(a)(5). Plaintiff is placed on notice that should he seek costs in a future motion, he is required to demonstrate he actually incurred the expenses for which reimbursement is sought.

With respect to Plaintiff's request for additional sanctions, sanctions are not warranted at this juncture. Fed. R. Civ. P. 37(b). Defendant Byers did not fail to comply with any discovery orders, and while Plaintiff's disagreement with some of Defendant's responses may support a renewed motion to compel, it does not support an award of sanctions against Defendant Byers. *Id.*

With regard to Defendants Raman and Soto, they failed to file a timely motion for an extension of time, but there is no indication they acted in bad faith. To the contrary, Plaintiff has mischaracterized much of their conduct. In light of his pro se status, the Court will accord Plaintiff the benefit of the doubt as to his motivation, but he is now informed that there is no support for his accusation that Defendants Raman and Soto, through their counsel, were

---

[4] Pending before the Court is Plaintiff's motion for leave to serve additional interrogatories, filed in compliance with the Court's order of June 4, 2013. The Court will resolve that motion in conjunction with Plaintiff's renewed motion to compel responses to his interrogatories, set one.

4

attempting to lure him into a trap and preclude him from obtaining discovery. (Doc. 79, Motion, 10:1-14.)

It is common practice for parties to attempt to informally resolve discovery disputes, including agreeing to extensions of time, without court intervention.[5] Given how overburdened the Eastern District of California is, the Court encourages the parties to attempt to informally resolve discovery issues before seeking judicial intervention. While Local Rule 144(a) would have required that Defendants' proposed stipulation be submitted for approval, the Court routinely approves such stipulations. Furthermore, Defendants' counsel did not violate Local Rule 144(a) in this instance. Because Plaintiff declined to stipulate to an extension, there existed no stipulation requiring Court approval.

Counsel's attempts to reach an agreement with Plaintiff regarding deadlines to serve discovery responses were neither inappropriate nor sanctionable. *See Mount Hope Church v. Bash Back!*, 705 F.3d 418, 426 (9th Cir. 2012) ("[S]anctions should not result from normal advocacy.")

In sum, the Court finds that sanctions are not justified under the circumstances and Plaintiff's motion is denied. Fed. R. Civ. P. 37(b)(2)(A), (C); *Mount Hope Church*, 705 F.3d at 425-26.

**V.      Scheduling Order Deadlines**

Finally, in light of this order, the discovery deadline, which was November 5, 2013, will be extended as is necessary to bring final resolution to all discovery requests previously served by Plaintiff and to Plaintiff's additional interrogatories, should the Court grant his pending motion. The Court will set an appropriate deadline in due course.

The deadline for filing pretrial dispositive motions, set for January 13, 2014, is vacated. A new deadline will be set once the outstanding discovery disputes have been resolved.

///

///

///

---

[5] The discovery and scheduling order relieved the parties of what would otherwise be a requirement that they meet and confer, or attempt to meet and confer, in a good faith effort to resolve the dispute without court action. Fed. R. Civ. P. 37(a)1).

**VI.     Order**

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on August 29, 2013, is DENIED, without prejudice to renewal within **thirty (30) days** from the date of service of this order;

2. Plaintiff's motion for an extension of time to file a reply to Defendant Byers' opposition is GRANTED, nunc pro tunc to October 10, 2013, and his motions for an extension of time to file a reply to Defendants Raman and Soto's opposition are DENIED as moot;

3. Defendants Raman and Soto's motion for an extension of time to serve responses to Plaintiff's interrogatories, filed August 22, 2013, is GRANTED, nunc pro tunc to October 6, 2013, and Defendant Soto's motion for a second extension of time to serve responses to Plaintiff's interrogatories, filed October 4, 2013, is GRANTED, nunc pro tunc to October 9, 2013;

4. Plaintiff's motion for sanctions is DENIED; and

5. The discovery and pretrial dispositive motion deadlines are VACATED pending further order of the Court.

IT IS SO ORDERED.

Dated:   **November 7, 2013**              /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE