# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01746-AWI-SKO (PC)<br><br>ORDER DENYING REQUEST FOR MODIFICATION OF SCHEDULING ORDER TO EXTEND DISCOVERY DEADLINE<br><br>(Doc. 113) |

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

On November 7, 2013, the Court issued an order denying Plaintiff's motion to compel, without prejudice to renewal within thirty days. (Doc. 102.) On November 21, 2013, Plaintiff filed a notice stating that he intended to forego renewing his motion to compel. (Doc. 113.) However, Plaintiff stated that if the Court granted his pending motion for leave to serve additional interrogatories 31-50, he would like to propound additional requests for admission and for the production of documents during any extension of the discovery deadline.

The deadline for the completion of all discovery was November 5, 2013, with the exception of resolution of Plaintiff's timely filed motion for leave to serve interrogatories 31-50.[1] (Docs. 51, 102.) In a separate order, the Court granted Plaintiff's motion to serve interrogatories 31-50, subject to limitations identified in the order, and it granted Plaintiff an extension of time to file a motion to compel, should one be necessary following receipt of Defendants' responses. However, any further modification of the scheduling order to permit additional discovery must be supported by a showing of good cause and here, there has been none. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002).

Accordingly, to the extent Plaintiff's notice is construed as seeking modification of the scheduling order to extend the discovery deadline beyond those issues confined to interrogatories 31-50, it is HEREDY DENIED for lack of good cause. Fed. R. Civ. P. 16(b)(4); *Zivkovic*, 302 F.3d at 1087.

IT IS SO ORDERED.

Dated:   **March 20, 2014**              /s/ Sheila K. Oberto
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] The deadline was also vacated as necessary to bring final resolution to Plaintiff's previously-served discovery requests. However, Plaintiff election not to renew his motion to compel renders those issues moot. The only discovery issue pending final resolution is that related to interrogatories 31-50.