# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01746-AWI-SKO (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO SERVE ADDITIONAL INTERROGATORIES 31-50, SUBJECT TO IDENTIFIED LIMITATIONS<br><br>(Doc. 80)<br><br>**ROG Response Deadline:** 45 days<br><br>**Motion to Compel Deadline:** 45 days from date of service of responses |

## I. Background

Plaintiff Michael McNeil ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution while he was incarcerated at California Substance Abuse Treatment Facility and State Prison, Corcoran ("SATF"). Plaintiff claims that Defendants violated his rights in March and April 2009 by depriving him of pain medication for his chronic back and neck problems, which allegedly cause him severe pain. Plaintiff's prescription pain medications were reissued on April 28, 2009.

On March 5, 2013, the Court issued a scheduling order which, in relevant part, opened the discovery phase of this litigation. The deadline for the completion of all discovery was November 5, 2013.

Plaintiff filed a timely motion for leave to serve interrogatories in the excess of twenty-five on September 3, 2013.[1] Defendant Byers filed an opposition on September 19, 2013, and Defendants Raman and Soto filed an opposition on September 25, 2013.[2] After obtaining extensions of time, Plaintiff filed a reply to Defendant Byers' opposition on October 15, 2013, and a reply to Defendants Raman and Soto's opposition on November 7, 2013.

Also on November 7, 2013, the Court denied Plaintiff's motion to compel and Plaintiff was granted thirty days within which to renew his motion. In that order, the parties were informed that the Court would address the motion for leave to serve interrogatories in excess of twenty-five once it had before it Plaintiff's renewed motion to compel. However, on November 21, 2013, Plaintiff filed a notice stating his decision to forego renewing his motion to compel. Accordingly, only Plaintiff's motion for leave to serve excess interrogatories remains at issue.

## II.  Discussion

### A.  Interrogatories in Excess of Twenty-Five

The scope of discovery is broad. *Republic of Ecuador v. Mackay*, 742 F.3d 860, 866 (9th Cir. 2014) (citing *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," and "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*

Rule 33 of the Federal Rules of Civil Procedure limits interrogatories to twenty-five per party, including discrete subparts, but the Court may grant leave to serve additional interrogatories

---

[1] On June 4, 2013, the Court ordered Defendants to respond to interrogatories 26 through 30. Plaintiff now seeks leave to propound interrogatories 31 through 50.

[2] The United States Marshal has been unable to locate Defendants Hayes and Rotman to obtain waivers or effect personal service.

to the extent consistent with Rule 26(b)(2).  The limitation is not intended "to prevent needed discovery, but to provide judicial scrutiny before parties make potentially excessive use of this discovery device," and "[i]n many cases, it will be appropriate for the court to permit a larger number of interrogatories. . . ."  Advisory Committee Notes to the 1993 Amendments of Fed. R. Civ. P. 33.

In this instance, Plaintiff has already propounded thirty separately enumerated interrogatories on Defendants Byers, Raman, and Soto, and he now seeks leave to serve interrogatories thirty-one through fifty.  Plaintiff is proceeding pro se and he is incarcerated, which affects his ability to draft discovery with the precision of an attorney.  Discovery must be limited if it is unreasonably cumulative or duplicative, Fed. R. Civ. P. 26(b)(2)(C)(i), but that inquiry must be viewed through the lens of Plaintiff's pro se status.  Pro se litigants are necessarily accorded more latitude than attorneys given their lesser skill set.  The Court will not overlook abuse of the discovery process, but here, there is no evidence that Plaintiff crossed any line between legitimate albeit clumsy pursuit of discoverable information and abuse of the discovery process.

Defendant Byers' argument that he has been overburdened in responding to discovery in this case is unpersuasive.  Given Plaintiff's pro se status with limited resources and limited knowledge, Defendant Byers has likely been required to engage in less discovery than he would otherwise.  In addition, the Court shoulders a not insignificant burden in cases such as this by relieving the parties of initial disclosures and the meet and confer requirement.  Finally, a busy schedule is not a shield against engaging in discovery.

With respect to Defendants Raman and Soto's arguments, information regarding potential witnesses and/or staff members who might be identified as bearing responsibility regarding medical care is relevant and discoverable.  Fed. R. Civ. P. 26(b)(1).  Any suggestion to the contrary is unpersuasive.

Defendants Byers, Raman, and Soto cite *Archer Daniels Midland Co. v. Aon Risk Svcs., Inc.*, 187 F.R.D. 578, 586-87 (D. Minn. 1999) in support of their argument that Plaintiff fails to make the requisite particularized showing entitling him to additional interrogatories.  While the *Archer* decision articulates the "particularized showing" standard, the issues in *Archer* bear no

3

resemblance to the issues in this case; as a result, the decision does not support a determination that Plaintiff should be precluded from serving additional interrogatories. Significantly, the *Archer* case did not involve pro se litigants, and the party unsuccessfully seeking leave to exceed the limit of twenty depositions and twenty-five interrogatories (1) had already benefitted from the disclosure of discovery generated in previous, related litigation, described by the district court as a "wealth of discovery," and (2) it had not yet conducted any depositions or exhausted its first twenty-five interrogatories.[3,4] *Id.*

Pro se litigants are not relieved of their obligation to follow the rules governing discovery, but here, Plaintiff's motion was timely filed and the "particularized showing" to obtain leave to serve additional interrogatories cannot be divorced from Plaintiff's pro se status. Given that Plaintiff is not an attorney, some duplication and imprecision can be expected. Plaintiff's proposed additional interrogatories mostly seek discoverable information, and they cannot be fairly described as unduly burdensome under the circumstances.[5] Furthermore, depositions, which would relieve some of the pressure created by having to respond to interrogatories, are simply not a realistic option, as incarcerated pro se litigants are rarely in the position to conduct depositions and this case apparently presents no exception.

Additionally, the end is very much in sight. Plaintiff declined to renew his previously filed motion to compel, which leaves this round of discovery as the final round involving Defendants Byers, Raman, and Soto.[6,7]

---

[3] Indeed, in determining whether the party seeking to exceed the deposition and interrogatory limits had made a particularized showing why further discovery was necessary, the district court was "decidedly influenced" by the opposing party's prior production of this "wealth of discovery" from other litigation. *Archer*, 187 F.R.D. at 586-87.

[4] The other two cases cited by Defendants Raman and Soto, *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128-29 (S.D. Ind. 2001) and *Capacchione v. Charlotte-Mecklenburg Schools*, 182 F.R.D. 486, 492 (W.D. N.C. 1998), are likewise readily distinguishable. Again, neither case involved pro se litigants; and *Duncan* involved an attempt to serve an additional ninety-nine interrogatories which resembled deposition questions rather than interrogatories as contemplated by Rule 33, *Duncan*, 204 F.R.D. at 129, while *Capacchione* involved a bare request for leave to serve additional interrogatories when supplemental responses to previously-served interrogatories were still pending, *Cappachione*, 182 F.R.D. at 492.

[5] To the extent Plaintiff is seeking irrelevant information and/or his inquires need narrowed, the Court has addressed those issues in section B.

[6] Plaintiff's request for further discovery, set forth in his notice of intent not to renew his motion to compel, is addressed by separate order.

Finally, with respect to Defendants' criticism regarding some duplication between these interrogatories and previously-served interrogatories, nothing precludes the parties from meeting and conferring in an effort to resolve any concerns which arise from this final round of discovery. Indeed, the Court encourages parties to informally resolve such issues, where possible.

In sum, the deficiencies identified by Defendants in their oppositions are precisely the sort of deficiencies one would expect when a party is proceeding pro se. Plaintiff has not benefitted from a "wealth of discovery" in this case nor can the discovery propounded be reasonably characterized as voluminous, and Defendants' desire to avoid further engagement in discovery is simply not a burden that outweighs the benefit to Plaintiff. Therefore, Plaintiff's motion for leave to serve interrogatories 31-50 is granted, limited as follows.[8]

**B.    Rulings on Interrogatories 31-50**

**ROG 31:** This interrogatory is narrowed to Defendants' duties at SATF in March and April 2009.

**ROGs 32 and 33:** If Defendants do not intend to argue that someone else was responsible for scheduling Plaintiff to be seen by a physician and/or that someone else was responsible for addressing Plaintiff's requests for medical care (i.e., an "empty chair" defense), they are not required to answer these interrogatories. If they plan to make that argument, they are required to answer the interrogatories, limited to the time period of March and April 2009.

**ROG 34:** Defendants are required to serve a response.

**ROG 35:** Defendants are required to serve a response.

**ROG 36:** Defendants are required to serve a response, excluding secondary education information. Plaintiff has no need to know what high schools Defendants attended or what year they graduated.

**ROG 37:** Defendants are required to serve a response, limited to March and April 2009.

---

[7] Defendants' objection to Plaintiff seeking document production in his additional interrogatories is noted, but the Court rejects the intimation that Plaintiff be required to serve separate document production requests, as discovery is now closed. (Raman and Soto Opp., 5:11-15.)

[8] Given that Defendants are in receipt of the interrogatories, they are ordered to serve responses. No purpose is served in having Plaintiff re-serve the interrogatories following receipt of this order.

**ROG 38:** Defendant are required to serve a response, limited to the incident(s) at issue in this action involving them, as alleged in Plaintiff's complaint.

**ROGs 39-42:** Defendants are required to serve a response, limited to the incident(s) at issue in this action involving them, as alleged in Plaintiff's complaint.

**ROG 43:** Defendants are required to serve a response, limited to the policy or policies in effect at SATF in March and April 2009.

**ROG 44:** This interrogatory seeks irrelevant information and Defendants are not required to respond.

**ROG 45:** Defendants are required to serve a response, limited to the policy or policies in effect at SATF in March and April 2009.

**ROG 46:** This interrogatory seeks irrelevant information and Defendants are not required to respond.

**ROGs 47-49:** Defendants are required to serve a response.

**ROG 50:** Defendants are required to serve a response, limited to x-ray, MRI or other films taken between April 2008 and April 2009.

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for leave to serve additional interrogatories 31-50, filed on September 3, 2013, is GRANTED, subject to the limitations set forth herein;

2. Within **forty-five (45) days** from the date of service of this order, Defendants Byers, Raman, and Soto shall serve Plaintiff with their responses to interrogatories 31-50; and

3. Plaintiff has **forty-five (45) days** from the date of service of the responses within which to file a motion to compel, should one be necessary.

IT IS SO ORDERED.

Dated:   **March 20, 2014**                    /s/ Sheila K. Oberto
                                               UNITED STATES MAGISTRATE JUDGE