# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:10-cv-01746-AWI-SKO (PC)<br><br>ORDER DENYING DEFENDANT RAMAN'S MOTION TO MODIFY THE SCHEDULING ORDER, WITHOUT PREJUDICE TO FILING A STIPULATION TO EXTEND THE DISCOVERY DEADLINE WITHIN THIRTY DAYS<br><br>(Doc. 116) |

        Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

        On March 25, 2014, Defendant Raman filed an ex parte motion seeking an extension of the discovery deadline to depose Plaintiff.[1] Plaintiff filed an opposition on April 10, 2014, and Defendant Raman filed a reply on April 15, 2014. The motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

        Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the

---

[1] Based on the nature of the relief sought and the case history, which includes recent orders concerning discovery, the Court elected to wait for responses from the other parties rather than considering the motion ex parte, as requested. Local Rules 144(c).

1  diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302
2  F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
3  607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should
4  end' and the motion to modify should not be granted." *Id.*

5  The deadline for the completion of all discovery was November 5, 2013, with the limited
6  exception relating to Plaintiff's additional interrogatories, and on March 20, 2014, the Court
7  denied Plaintiff's motion for an extension of the discovery deadline for failure to show good
8  cause. (Docs. 114, 115.)

9  Defendant Raman's motion is also unsupported by a showing of good cause. Defendant
10 seeks an extension of the discovery deadline so that his current attorney may depose Plaintiff.
11 However, Defendant has been represented by counsel since making his first appearance in this
12 action, and discovery was open for eight months, allowing ample opportunity to depose Plaintiff.
13 While Defendant is now represented by a different attorney than he was during the discovery
14 phase, Defendant's current attorney's desire to engage in discovery that his previous attorney
15 elected not to pursue is not grounds for modification of the scheduling order.[2]

16 Furthermore, no reasonable reading of the Court's order filed on November 7, 2013,
17 supports an interpretation that the discovery deadline was vacated and would be reset *as to general*
18 *discovery*. The Court's order specifically stated, "Finally, in light of this order, the discovery
19 deadline, which was November 5, 2013, *will be extended as is necessary to bring final resolution*
20 *to all discovery requests previously served by Plaintiff and to Plaintiff's additional*
21 *interrogatories*, should the Court grant his pending motion." (Doc. 102, Order, 5:18-20 (emphasis
22 added).)

23 If all parties to this action wish to stipulate to an extension of the discovery deadline,
24 applicable to all parties, the Court will consider the request. However, Defendant Raman's
25 request for an extension of the discovery deadline limited to deposing Plaintiff is denied.
26 ///
27 ///

---

[2] Defendant filed a notice of substitution of attorney on November 6, 2013.

1  Accordingly, based on the foregoing, Defendant Raman's motion for modification of the
2  scheduling order to depose Plaintiff is HEREBY ORDERED DENIED, without prejudice to the
3  filing of a stipulation to extend the discovery deadline within **thirty (30) days**.

IT IS SO ORDERED.

Dated: **April 30, 2014**                    /s/ Sheila K. Oberto
                                             UNITED STATES MAGISTRATE JUDGE

3