# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>    Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>    Defendants. | Case No. 1:10-cv-01746-AWI-SKO (PC)<br><br>ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AS MOOT<br><br>(Doc. 127) |

**I.   Background**

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman for violating Plaintiff's rights under the Eighth Amendment of the United States Constitution.

On June 19, 2014, Defendant Hayes filed a motion to modify the scheduling order. Fed. R. Civ. P. 16(b). Plaintiff filed an opposition on July 1, 2014, and Defendant Hayes filed a reply on July 7, 2014.

**II.  Discussion**

On March 27, 2014, the Court issued a fourth order directing the United States Marshal to initiate service of process on Defendant Hayes, and on May 30, 2014, Defendant Hayes filed a request for a thirty-one day extension of time to file her first response to Plaintiff's second

amended complaint, which was granted. On June 19, 2014, Defendant Hayes filed a motion to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4), and on June 30, 2014, Defendant Hayes filed an answer.

In the Eastern District of California, the general practice in cases such as this is to issue a discovery and scheduling order after the defendants file an answer. (Doc. 3, 1st Info. Order, ¶8.) In this case, due to difficulties with service of process, Defendant Hayes did not file an answer until June 30, 2014, which was well beyond the dates Defendants Raman, Soto, and Byers filed answers and were subject to a discovery and scheduling order.

Plaintiff's objections to any modification of the scheduling order are noted but they lack merit. Defendant Hayes is not similarly situated to Plaintiff and Defendants Raman, Soto, and Byers with respect to the first scheduling order filed on March 5, 2013, as she had not yet appeared in the action and was not subject to the order. Defendant Hayes is entitled to engage in discovery, just as Plaintiff is entitled to engage in discovery with her; and she is entitled to the issuance of a scheduling order now that she has appeared in the action.[1]  As such, Defendant Hayes' motion to modify the scheduling order was unnecessary and a good cause analysis under Rule 16(b)(4) is misplaced.

### III. Order

Based on the foregoing, Defendant Hayes' motion to modify the scheduling order, filed on June 19, 2014, is HEREBY DENIED as moot.

IT IS SO ORDERED.

Dated:   **July 14, 2014**           /s/ Sheila K. Oberto
                                                                          UNITED STATES MAGISTRATE JUDGE

---

[1] With respect to discovery, Defendant Hayes sought only a limited extension of time to depose Plaintiff. However, Plaintiff has a right to engage in discovery with Defendant Hayes. Therefore, the Court set the deadlines it deemed appropriate in a separately filed discovery and scheduling order.