# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL, | Case No. 1:10-cv-01746-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER TO ALLOW FOR LATE MOTION TO COMPEL AND DENYING UNTIMELY MOTION TO COMPEL |
| v. | |
| LVN HAYES, et al., | |
| Defendants. | (Docs. 128 and 146) |

## I. Background

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

Pursuant to the court order filed on March 20, 2014, Defendants Byers, Raman, and Soto were required to serve responses to Plaintiff's interrogatories 31 through 50 within forty-five days, and Plaintiff was granted forty-five days from the date of service of the responses within which to file a motion to compel, if one was necessary.

On June 26, 2014, Plaintiff filed a motion seeking a sixty-day extension of time to file a motion to compel. Fed. R. Civ. P. 16(b)(4). Defendant Soto filed an opposition on June 27, 2014, Defendant Byers filed a notice of joinder in the opposition on June 27, 2014, and Defendant Raman filed a notice of joinder in the opposition on June 30, 2014. The deadline to file a reply

expired, and Plaintiff's motion was submitted upon the record without oral argument. Local Rule 230(*l*).

## II. Discussion

### A. Parties' Positions

Defendants Byers, Raman, and Soto were required to serve their discovery responses on or before May 8, 2014. Fed. R. Civ. P. 6(d); Doc. 115. Defendant Byers served his responses on May 5, 2014, and Defendants Raman and Soto served their responses on May 6, 2014, resulting in a deadline of June 23, 2014, for Plaintiff to file a motion to compel. Fed. R. Civ. P. 6(d); Doc. 146, Motion to Compel, 3:22-25. Plaintiff subsequently filed a motion to compel on July 24, 2014. (Doc. 146.)

Plaintiff seeks modification of the scheduling order to permit him to file his motion to compel based on the now-past possibility of settlement negotiations in June 2014. (Doc. 128, Motion.) Plaintiff states that Defendant Soto's counsel contacted him on May 15, 2014, and again on May 21, 2014, to discuss settling the case. (*Id.*) Counsel informed Plaintiff that Defendants Raman and Byers were interested in settlement as well. (*Id.*) Plaintiff agreed to participate in a settlement conference before the Court and counsel stated she would set one up in June. (*Id.*) Plaintiff argues that if the case settles in whole or in part, it may affect the necessity of a motion to compel, and that Defendants will not be prejudiced by a short delay. (*Id.*)

In response, Defendant Soto's counsel attests that she contacted Plaintiff after determining this case might be appropriate for referral for a settlement conference during the Eastern District of California's "settlement week" in June 2014.[1] (Doc. 129, Opp., Hood Dec., ¶¶3-5.) Counsel attests that Plaintiff owes approximately $6,000.00 in restitution under his former California Department of Corrections and Rehabilitation ("CDCR") number, and while Plaintiff expressed amenability to participating in a settlement conference, he stated he would not pay any restitution under his former CDCR number and he would sue CDCR if any money was deducted from a settlement. (*Id.*, ¶5.)

---

[1] The Eastern District of California holds a "settlement week" in June, during which prisoner civil rights cases that might be amenable to settlement are scheduled for settlement conferences.

Plaintiff sought to conduct additional research, and counsel contacted him again after several days passed. (*Id.*, ¶¶6, 7.) Plaintiff maintained his position that he does not owe restitution under his old CDCR number because the statute of limitations expired. (*Id.*, ¶8.) Counsel's position is that the restitution fulfillment is mandatory and based on Plaintiff's contrary position, counsel determined it would be futile to refer the case for inclusion in settlement week. (*Id.*)

Defendants Byers and Raman join in Defendant Soto's opposition and separately argue lack of good cause for the requested extension. Docs. 130, 131.

### B. Legal Standard

Modification of the pretrial scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992)). "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Id.*

### C. Findings

The Court finds that Plaintiff has not demonstrated the existence of good cause for the extension he seeks. Fed. R. Civ. P. 16(b)(4). Plaintiff failed to show that an extension was needed despite his exercise of due diligence; the desire for an extension of time based on mere convenience is not good cause. *Zivkovic*, 302 F.3d at 1087.

## III. Order

Accordingly, based on the foregoing, the Court HEREBY ORDERS that:

1. Plaintiff's motion for modification of the scheduling order to file a motion to compel, filed on June 26, 2014, is DENIED; and

///

///

///

///

3

1    2.    Plaintiff's motion to compel, filed on July 24, 2014, is DENIED as untimely.

IT IS SO ORDERED.

Dated:   **July 28, 2014**                                    /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE

4