# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL, | Case No. 1:10-cv-01746-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO SEVER CLAIMS |
| v. | (Doc. 133) |
| LVN HAYES, et al., | |
| Defendants. | |

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action is proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims.

On July 1, 2014, Plaintiff filed a motion seeking to sever his claims against Defendants Raman, Soto, and Byers from his claims against Defendants Rotman, Hayes, and Doe, pursuant to Federal Rule of Civil Procedure 42(b).[1] Defendant Hayes filed an opposition on July 8, 2014, Defendants Soto and Raman filed notices of joinder in the opposition on July 9, 2014, and Defendant Byers filed a notice of joinder in the opposition on July 14, 2014. Plaintiff's motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

Pursuant to Rule 42(b), the Court may order a separate trial of one or more separate issues or claims for convenience, to avoid prejudice, or to expedite and economize. Fed. R. Civ. P. 42(b)

---

[1] Defendant Rotman has not yet made an appearance in the action.

1  (quotation marks omitted).  This case is not yet ready to be set for trial but notwithstanding the
2  prematurity of the motion, there are no factors which weigh in favor of severing, or bifurcating,
3  Plaintiff's claims.

4        Plaintiff is proceeding against six defendants in this case, appropriately so given that
5  Plaintiff's right to relief against them arises out of the same series or transactions and there are
6  common questions of law and fact.  Fed. R. Civ. P. 20(a)(2).  More specifically, Plaintiff's claims
7  against the defendants arise from their involvement with the denial of his pain medication over a
8  period of approximately thirty-five days at California Substance Abuse Treatment Facility and
9  State Prison in Corcoran.  In such a situation, severance of claims would not be convenient, it is
10 not necessary to avoid any prejudice, it would not be expedient, and it would not be in furtherance
11 of economy.  *See Lear v. Seattle Hous. Auth.*, No. C13-0347JLR, 2014 WL 457965, at *1
12 (W.D.Wash. 2014) ("[I]f preliminary and separate trial of an issue would involve extensive proof
13 and substantially the same facts or witnesses or the other issues in the cases, or if any saving in
14 time and expense is wholly speculative, the [bifurcation] motion should be denied.") (citing *Datel*
15 *Holdings LTD v. Microsoft Corp.*, No. C-09-05535 EDL, 2010 WL 3910344, at *2-5 (N.D.Cal.
16 2010)).

17       Turning to Plaintiff's stated concerns, while Plaintiff correctly observes that Defendant
18 Hayes was only recently served and Defendants Doe and Rotman have not been served, the Court
19 is aware of these issues and able to manage them.  Defendant Hayes is entitled to conduct
20 discovery and Plaintiff is likewise entitled to an opportunity to engage in discovery with
21 Defendant Hayes.  Plaintiff's concern that Defendant Hayes is attempting to engage in expedited
22 discovery so as to depose Plaintiff but prevent him from having sufficient time to engage in other
23 forms of discovery with her is now moot, as the Court issued a scheduling order on July 14, 2014,
24 allowing both parties ample time to conduct discovery.

25       Moreover, Plaintiff's desire to sever his claim against Defendant Hayes from his claims
26 against Defendants Raman, Soto, Byers so as to prevent Raman, Soto, and Byers from benefitting
27 from his deposition by Hayes is purely tactical and does not support severance.

28

Finally, with respect to Defendant Rotman, Plaintiff provided another address for him on August 21, 2014, and the United States Marshals Office personally served him at that address on September 16, 2014.

Accordingly, in the absence of any grounds justifying severance of Plaintiff's claims against Defendants Raman, Soto, and Byers from his claims against Defendants Rotman, Hayes, and Doe, Plaintiff's motion is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **September 24, 2014**                    **/s/ Sheila K. Oberto**
                                                             UNITED STATES MAGISTRATE JUDGE

3