# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCNEIL,<br><br>       Plaintiff,<br><br>    v.<br><br>LVN HAYES, et al.,<br><br>       Defendants.<br>_____/ | Case No. 1:10-cv-01746-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR COURT TO CONTINUE RETAINING JURISDICTION OVER SETTLEMENT AGREEMENT PENDING STATE COURT PROCEEDINGS AND REQUIRING DEFENDANTS' COUNSEL TO FILE DECLARATION IN COMPLIANCE WITH ORDER FILED NOVEMBER 21, 2014,<br><br>(Doc. 174)<br><br>DEADLINE: TEN DAYS |

Plaintiff Michael McNeil, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 23, 2010. This action was proceeding on Plaintiff's second amended complaint against Defendants Hayes, Raman, Soto, Byers, Doe, and Rotman on Plaintiff's Eighth Amendment medical care claims; and the parties settled the case on November 13, 2014. On February 20, 2015, Plaintiff filed a motion requesting that the Court retain jurisdiction to enforce the settlement pending resolution of his state court action relating to the validity of his restitution fine. Defendants did not file a response. Local Rule 230(*l*).

Federal courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and statute, and it is presumed that a cause lies outside this limited jurisdiction.

*Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 378, 114 S.Ct. 1673 (1994) (quotation marks and citations omitted).  The enforcement of a settlement agreement is more than just a continuation or renewal of the dismissed suit and it requires its own basis for jurisdiction. *Kokkonen*, 511 U.S. at 378 (quotation marks omitted).  A court may retain jurisdiction to enforce a settlement agreement, but that retention must be express.  *Kokkonen*, 511 U.S. at 378; *Alvarado v. Table Mountain Rancheria*, 509 F.3d 1008, 1017 (9th Cir. 2007); *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 87-88 (9th Cir. 1997); *Hagestad v. Tragesser*, 49 F.3d 1430, 1433 (9th Cir. 1995). Furthermore, the party seeking enforcement of the settlement agreement must allege a violation of the settlement agreement in order to establish ancillary jurisdiction. *Alvarado*, 509 F.3d at 1017.

The parties in this case reached a monetary settlement on November 13, 2014, and resolution of the issue concerning Plaintiff's restitution fine was expressly excluded from the terms of the settlement.  (Doc. 172.)  Although the Court retained jurisdiction to enforce the settlement agreement, retention was limited to the terms of the settlement agreement, which may not be changed by Plaintiff, post-settlement.  (Doc. 173.)

Accordingly, Plaintiff's motion is HEREBY DENIED, with prejudice. *Alvarado*, 509 F.3d at 1017.

Based on Plaintiff's motion, it appears that the terms of the settlement were fulfilled on or before February 11, 2015.  Defendants' Soto, Byers, and Raman's counsel is ORDERED to comply with the terms of the dismissal order within **ten (10) days** by filing the requisite declaration.

IT IS SO ORDERED.

Dated:   March 24, 2015                              _____
                                                      SENIOR DISTRICT JUDGE